UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony B. Shuler,<br><br>                Petitioner,<br><br>v.<br><br>Cecilia B. Reynolds, Warden Kershaw Correctional Institution,<br><br>                Respondent. | C/A No. 6:07-949-HFF-WMC<br><br>**Report and Recommendation** |

The Petitioner, Anthony B. Shuler (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is a state prisoner at Kershaw Correctional Institution. The Petition should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville,* 712 F.2d

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

70 (4th Cir. 1983). This Court is required to construe *pro se* Petitions liberally. Such *pro se* Petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a Petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* Petition, the Petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **Background**

Petitioner brings this § 2254 habeas action challenging a February 14, 2000, conviction for three counts of Robbery (non-violent) and Assault with Intent to Kill (AWIK). Petitioner indicates he entered a guilty plea and was sentenced to "20 years, 10 yr. consecutive 10 yrs." Petitioner states his attorney did not advise him of his right to appeal the conviction, therefore, no direct appeal was filed. Petitioner did file an Application for Post-Conviction Relief (PCR) on March 10, 2005, which is apparently still pending. Petitioner states he received a hearing on his PCR action, but has not yet received a disposition. Petitioner admits he has not appealed any decision to the highest state court

having jurisdiction nor has he exhausted state remedies for the grounds raised in the Petition.  Petitioner cites "excessive; inordinate delay on the State Courts behalf" as his reason for failing to exhaust state remedies.  Petitioner also attaches a letter to his Petition from the Office of Disciplinary Counsel (ODC) dated March 1, 2007.  The letter indicates that Petitioner filed a complaint against his PCR attorney, Tara Dawn Shurling, alleging that she is neglecting his PCR case. The ODC found no evidence of any lawyer misconduct.

## Discussion

The Petition for a writ of habeas corpus, in the above-captioned case, should be dismissed because the Petitioner has not exhausted his state remedies.  The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts."   The *Matthews* court further instructs that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner."  *Id.*(citations omitted).[2]  Petitioner has not yet received a decision from the state's highest court on his

---

[2] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required.  *See Coleman v. Thompson*, 501 U.S. 722, 735 & n.1 (1991).  However, the federal court is precluded from hearing  a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

challenged convictions, and, thus, has not met the burden of proving exhaustion of his state remedies.

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Post Conviction Procedure Act is a viable state court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir.). Petitioner's Robbery and AWIK convictions have not been completely litigated through the post-conviction relief process. Thus, Petitioner has viable state court remedies which have not been fully utilized. The United States District Court for the District of South Carolina should not keep this case on its docket while the Petitioner is exhausting his state remedies. Therefore, Petitioner's petition for habeas relief should be dismissed. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

### Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal

district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

                Respectfully submitted,

                s/William M. Catoe
                United States Magistrate Judge

April 19, 2007

Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).