

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ANTHONY B. SHULER, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:07-949-HFF-WMC |
| § | |
| CECILIA B. REYNOLDS, Warden, Kershaw § | |
| Correctional Institution, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is proceeding pro se. The matter is before the Court for review of the United States Magistrate Judge's Report and Recommendation (Report) suggesting that the case be dismissed, *without prejudice*, and without issuance and service of process. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 19, 2007, and the Clerk entered Petitioner's objections on May 9, 2007.

As an initial matter, the Court notes that Petitioner's objections reiterate factual allegations and arguments made in his Complaint. In an abundance of caution, however, the Court will address Petitioner's assertions. In his submission, Petitioner argues that this Court should excuse the exhaustion requirement in this case because the state has delayed processing his post conviction relief application, further state litigation would be futile, and there is an absence of an available state corrective process. Stated differently, Petitioner argues that state remedies would be ineffective in this case.

"State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, 46 F.3d 1129 (4th Cir. 1995) (unpublished). In *Ward*, the court held that a fifteen year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective. Here, however, the Court finds that the delay does not rise to the level of the delay in *Ward* and does not render Petitioner's state court remedies ineffective.

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the petition be **DISMISSED**, *without prejudice*, and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 30th day of October, 2007, in Spartanburg, South Carolina.

                                                s/ Henry F. Floyd
                                                HENRY F. FLOYD
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.